EASTERN DIS.
*May*, 1832.

OFFUTT ET AL. *vs.* BREDLOVE.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

OFFUTT ET AL.
*vs.*
BREEDLOVE:

After the dissolution of a partnership, no one of the partners is at liberty to use the social name so as to bind the others.

The facts are fully stated in the opinion of the court, delivered by MATHEWS, J.

This suit is brought by the endorsers of a promissory note, purporting to have been made by the defendants, negotiable in the office of discount and deposite of the Bank of Mississippi, at Gibson Port. The plaintiffs allege, that after protest, they were obliged to pay and take up said note for the benefit of the makers, and claim from them the amount, with interest and costs of protest, &c. They state the company sued to consist of A. W. Breedlove and J. W. Breedlove, of New-Orleans, and pray judgement against them, *in solido.* Judgement by default was rendered against the former, which was afterwards made final, and about which there is no dispute. The latter denied that he ever was a partner of the assumed firm of A. W. Breedlove & Co., or in any manner liable for debts contracted under that social name. The court below, after hearing the evidence, sustained the plea of J. W. Breedlove, and as to him dismissed the suit, from which dismissal the plaintiffs appealed.

The evidence of the case does not leave the fact of the appellee having been or not a partner of the house of A. W. Breedlove & Co. free from doubt. There is no positive proof that he ever acknowledged himself to be such. The most weighty evidence, in favor of the affirmative of this fact, is contained in the letters of correspondence between the brothers A. W. & J. W. Breedlove, which had relation to the concerns of the firms of Bedford, Breedlove & Robeson, and Breedlove & Robeson, in New-Orleans, and that of A. W. Breedlove & Co., in Gibson Port, &c. Perhaps a just grammatical interpretation of this correspondence, *i. e.*, of

J. W. Breedlove, connected with other testimony in the cause, ought to result in a belief, that the writer was, at the commencement of the commercial business of A. W. Breedlove & Co., at Gibson Port, a partner of that firm, viz: in the beginning of the year 1825. In the following year (in the month of March), the firm of A. W. Breedlove & Co. (if any such ever did exist, except in name alone,) was dissolved, by substituting in its place (so far as it concerned A. W. Breedlove) a commercial house, to trade under the style and name of Breedlove & Greenleaf. The note now sued on, bears date in April, 1829, and is evidently one of a series of renewals of an accommodation note, for two thousand dollars, which A. W. Breedlove & Co. obtained from the bank, in September, 1825. It is signed by D. Greenleaf, under procuration, from A. W. Breedlove & Co., dated at New-Orleans, in February, 1829. The power of attorney being executed by A. W. Breedlove, long after the dissolution of the firm by which it purports to have been granted. The record, however, affords no evidence of any publication of this dissolution, nor does it show any of its commencement, except the acts and declarations of A. W. Breedlove, in the place where he carried on business under the style and name as asumed by him. It may well be presumed, from the whole tenor of the evidence, that after March, 1826, the name of A. W. Breedlove & Co., as a firm, ceased to exist in any shape in the place where its business had been carried on, and that the same business was conducted by the firm of Breedlove & Greenleaf; in which it is not pretended, that the appellee had any interest. After the dissolution of a partnership, no one of the partners is at liberty to use the social name, so as to bind the others. This is clear, according to all treatises on the subject, when the knowledge of the fact of dissolution can be brought home to the obligee. See 3 *Kent's Com. pp.* 36–7. To render the dissolution safe and effectual, due notice should be given to the world, in order to release the other partners of a firm, from responsibility under a contract made by one of them, in the usual

*After the dissolution of a partnership, no one of the partners is at liberty to use the social name so as to bind the others.*

course of business, and in the name of the partnership, with a person who contracted on its faith, and had no notice of dissolution. "What shall be sufficient construction, or implied notice of dissolution," has been a vexed question in the books, page 38, of the author above cited.   This question is probably one of those which will always afford room on particular occasions, for doubts and difficulties.   In page 40, the author states, that "a dormant partner may withdraw without giving public notice;" for being unknown as a partner, the firm was not trusted on his account, and he is chargeable only for debts contracted during the time he was actually a partner.    That J. W. Breedlove (if a partner at all in the firm of A. W. Breedlove & Co.) was one dormant, or unknown, will hardly be denied after the difficulty encountered by the plaintiffs, to bring him to light as such, and after having failed to establish this fact to the satisfaction of the judge *a quo,* by the evidence adduced, and still leaving it doubtful in our minds.   If, however, he ever was a partner of the house as charged in the petition, the evidence is equally strong on the record, to show that he had ceased to be such before the signing of the note now in question, and the probability is, that the appellants were equally conusant of the latter fact, as ever they were of the former.   After a full examination of the whole evidence of the case, and the law, we conclude that the judgement of the Parish Court ought to be affirmed.   It is clear, on either of the following hypotheses, that the judgement below is correct.   If the appellee was never a partner of the firm which executed the original note, he is not in any manner bound to pay the debt contracted by that firm, or if he ceased to be such, at the time the note sued on was made without his consent, then he is not obliged to pay the debt by it contracted.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the court below be affirmed with costs, &c.

*Preston,* for appellants.   *M'Caleb,* for appellee.