DERBIGNY vs. MONDELLI ET AL.

APPEAL FROM THE CITY COURT OF NEW-ORLEANS.

Where judgment is prayed, *in solido*, against the members of a firm, and one of the defendants denies his liability, *in solido*, his firm being only a *particular*, not a commercial partnership; he must show that both partners consented to the obligation, or that it was contracted for the benefit of the firm.

So, where judgment is asked against the members of a firm, *in solido*, and for *general relief;* and one of them denies that he is thus liable, it being only a particular partnership; evidence of the consideration of the obligation will be admitted, to show his liability for the whole claim, as having been contracted for *his benefit.*

This is an action on a promissory note, signed by " Mondelli & Reynolds." The plaintiff prays judgment, *in solido*, against the defendants ; *and for all general and equitable relief.*

Mondelli alone answered. He admitted the signature of the firm, but denied his liability, *in solido ;* his firm being *a particular* partnership.

On these pleadings and issues the cause was tried.

The evidence showed that Mondelli signed the name of the partnership firm to the note sued on ; which was admitted to be a particular partnership. It further appeared, the note was given for bricks for the use of Mondelli alone. That he had by letter solicited indulgence from the plaintiff, promising to pay it by a certain time. Evidence was offered, and objected to, but admitted to show the consideration of the note, and that it was given for the benefit of Mondelli alone.

There was judgment for the plaintiff against Mondelli, for the amount of the note, and he appealed.

*Labarre,* for the plaintiffs, contended, that the defendant having admitted the signature, and alleged the partnership to be a particular partnership, Mondelli was bound to show that in making use of a partnership signature he was

specially empowered so to do by written articles of partnership duly recorded. Without this power, Reynolds could not be made liable for any part of the note. *Louisiana Code,* 2808, 2809, 2846.

2. In the absence of written recorded articles of partnership, giving Mondelli the power to contract debts for Reynolds, he ought to have shown that he had been specially authorized by Reynolds to contract this debt, (*Louisiana Code,* 2843,) but even this evidence which would have been good against Reynolds could not have cured, as regarded plaintiff, the defect of non-compliance with the law requiring the articles of partnership to be recorded.

3. If the signature to the note was made by him, without proper authorization, it is his own wrong, and the plaintiff ought not to suffer for it. But were it possible to construe the law differently than it is done herein, Mondelli could not escape the liability shown to exist for the whole note by his letter, which was *introduced in evidence without opposition.*

4. A witness was offered to show the consideration of the note, and that it was for the benefit of the defendant alone. This was objected to as inadmissible under the pleadings, but it was properly admitted. The defendant averred, and it was not denied that the firm was a particular partnership, but the plaintiff had a right to show that the debt was not contracted for the benefit of the partnership, but of the defendant alone; and that he had no authority thus to bind the partnership.

*Haynes,* contra, insisted, that the testimony relative to the consideration of the note was improperly admitted under the pleadings. The plaintiff had alleged the defendants were liable *in solido,* as partners, and his evidence could only be received in relation to that matter which was the only thing in issue.

2. It is shown, that defendants are members of a particular partnership, and each one is liable for one-half of the claim.

3. Signing the name of the firm does not change their liability. 2 *Louisiana Reports,* 421.

4. Solidarity must be expressed, which is not the case here. It can never be presumed. *Mayor et al.* vs. *Ripley et al.*, 5 *Louisiana Reports*, 126.

*Simon, J.*, delivered the opinion of the court.

This case is now before us on a rehearing. We have carefully revised our former decision, and after a renewed investigation of the points of fact and of law, submitted to our reconsideration, we have come to a different conclusion.

Plaintiff, as holder of a promissory note made to his order, signed " Mondelli & Reynolds," alleges, that the defendants are bound, *in solido*, for the payment of said note, and prays judgment accordingly ; he also prays for general relief. Mondelli alone having been cited, filed an answer, in which, after admitting the signature, he denies his liability, *in solido* ; the firm of Mondelli & Reynolds being a particular partnership. On these issues, the parties went to trial, and the judge of the City Court having given judgment in favor of the plaintiff against Mondelli, for the whole amount of the note, the defendant took the present appeal.

An admission which we find in the record, by which it is admitted that a certain witness could prove that Mondelli & Reynolds were particular partners, renders it unnecessary to notice a bill of exceptions taken to the opinion of the court, refusing to grant a continuance applied for by defendant's counsel, on the ground of the absence of a witness who was to prove the same fact.

On the trial, plaintiff introduced a witness to prove the consideration of the obligation, and that the same was made by Mondelli, and for his benefit. The testimony was objected to by defendant, on the ground that plaintiff, in his petition, prays for judgment against Mondelli, *in solido*, as a member of the firm of Mondelli & Reynolds, and that evidence could not be admitted to prove what was not asked for in the petition. The judge *a quo*, received the evidence, and the defendant took his bill of exceptions.

We think the city judge did not err. It is true the plaintiff, in his petition, seeks to obtain a judgment against Mondelli,

*in solido* with Reynolds, as he was probably under the impression that they were commercial partners; and had the defendant limited his defence to the general issue, plaintiff might perhaps have been unable to recover in this action; not only on the principle that the *onus probandi* being thrown upon him, the *allegata* must agree with the *probata,* and therefore he could not have been allowed to prove a different contract or obligation; but also because solidarity being never presumed, he should have been bound to prove it, and would have failed in the evidence. In this case, however, the defendant himself puts in issue the particular partnership, out of which, he contends, this contract arose; and thereby admitting his liability for one-half, he must be prepared to show that both partners had consented to the obligation, or that it was contracted for the benefit of the firm; without such proof, if it was shown that he had signed the note in the name of the partnership, there would be no doubt of his being bound for the whole, as he had no right to bind his partner, except in the manner pointed out by law. The judgment prayed for by plaintiff, though one *in solido,* would virtually have the same effect, as, in both cases it would be for the whole debt. In this state of the pleadings, and under the issue made up by defendant, it became necessary to inquire into the origin of the debt, and into the consideration of the obligation; and, in our opinion, the evidence offered to extend Mondelli's liability as a particular partner, to the whole of the claim, and not to one-half only, as resulting from his answer, was properly admitted by the lower court.

Under this view of the question, we think that on the merits, the judgment of the City Court is sufficiently supported by the evidence. Mondelli signed the obligation in the name of the firm; its consideration was for bricks sold him by the plaintiff; it is not even shown that Reynolds ever had any knowledge of the contract. A letter signed by Mondelli, and read in evidence without objection, proves also that he was to pay the note sued on. He asks therein the plaintiff's indulgence, speaks of his prospect of being able to pay

*Where judgment is prayed, in solido, against the members of a firm, and one of the defendants denies his liability, in solido, his firm being a particular, not a commercial partnership, he must show that both partners consented to the obligation, or that it was contracted for the benefit of the firm.*

*So, where judgment is asked against the members of a firm, in solido, and for general relief, and one of them denies that he is thus liable, it being only a particular partnership, evidence of the consideration of the obligation will be admitted, to show his liability for the whole claim, as having been contracted for his benefit.*

towards the end of the month; alludes to the plaintiff's kindness towards himself, and promises to see plaintiff on his return from Mobile, &c. &c.    It seems to us that the plaintiff is clearly entitled to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the City Court be affirmed, with costs.