WESTERN DIST.
*September*, 1840.

PARKER *vs.* BRASHAER & BARR.

PARKER
*vs.*
BRASHEAR AND
BARR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF
ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where the deposition of a witness is not annexed, or fastened to the commission and process verbal, but is enclosed with them in an envelope, sealed and directed to the clerk, it is sufficient.

A defendant cannot avail himself of an error in the name of his co-defendant, in a joint judgment against them.

A judgment against partners in a sugar estate, must in its form be *joint*, and against each one, separately, for his proportion.

This is an action on account, against W. Brashear, and Robert R. Barr, for machinery, and delivered to them, to be used on their sugar estate in Attakapas.

The defendants pleaded a general denial, and averred that four boxes of the machinery was ordered according to a model furnished, which was not followed, and in consequence the machinery was rendered useless, not fitting the works for which they were intended. The defendants pray for experts to examine the machinery and model, and report under the directions of the court. Experts were appointed accordingly.

The four boxes for friction rollers were charged at five hundred dollars, the balance made the entire bill six hundred and sixty-four dollars.

A witness was examined, for defendants, who made the model for the boxes, which were intended for the necks of the pressing cylinders of the sugar mill, who says, he carefully examined them, and that they are not made according to the model ; but he does not know whether the model was furnished to the plaintiff or not.

On the trial the plaintiff's counsel offered the deposition of a witness to prove his account. It was objected to, on the ground that neither the process verbal, or the deposition or answers of the witness to the interrogatories, were an-

WESTERN DIST. *nexed* or attached to the commission. It, however, appeared
September, 1840. that all of them were inclosed in one envelope, directed to the

PARKER
*vs.*
BRASHEAR AND
BARR.

clerk of the court. The objection was overruled, and the deposition read, and a bill of exceptions was taken.

There was judgment against Brashear, and the legal representatives of Robert *S.* Barr, instead of Robert *R.* Barr, (who had died during the suit) in *solido* for the sum claimed, and the defendant, Brashear, alone appealed.

*Maskell,* for the plaintiff, urged the affirmance of the judgment.

*Dwight,* for the appellant, contended that the judgment was erroneously entered up, and must be reversed. The defendant was not liable for more than his virile portion.

2. There was error in relation to Barr. No such person as Robert *S.* Barr, being known in the suit.

*Martin, J.,* delivered the opinion of the court.

The plaintiff seeks payment for sundry articles of machinery, made in his iron foundry for the defendants. The latter pleaded the general issue, and that the machinery was not made according to a model given the plaintiff, and was otherwise defective.

During the pendency of the suit, defendant, Barr, died; and there was judgment against the defendant Brashear, and the representatives of Barr. Brashear alone appealed.

Our attention is first arrested by a bill of exception, taken to the reading of a deposition, on the ground that the magis-

Where the deposition of a witness is not annexed, or fastened to the commission and pro-cess verbal, but is inclosed with them in an en-velope, sealed and directed to the clerk, it is sufficient.

trate who received it, did not annex it to the process verbal, the commission and the interrogatories, as is required by law. *Code of Practice, article* 433.

It does not appear to us the court erred in receiving the deposition. The magistrate inclosed it with the commission, interrogatories and process verbal, in an envelope, sealed with his seal, and directed to the clerk of the court. This is sufficient to authorize the deposition to be read in evidence.

The delivery of the articles charged in the plaintiff's bill, was proved ; but there is no evidence of any model or direction being given to the plaintiff by the defendants, as averred by them.

The judgment was rendered against Brashear, and the representatives of Robert *S.* Bàrr, when the deceased was called Robert *R.* Barr, and his name is thus stated in the petition. His representatives have not appealed. The error appears to be a *lapsus calami*, of which Brashear, who is the only appellant, cannot avail himself.

The judgment should be a joint one ; the defendants not being stated, and not appearing, to be commercial partners, but partners in a sugar estate, Brashear is only liable for one-half; and the liability of the representatives of the other defendant, is a matter which does not concern him. The court, however, erred in the form of its judgment. The Louisiana Code requires, that " in a suit on a joint obligation, judgment must be rendered against each defendant, separately, for his proportion." *Articles* 1081, 2844.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, so far it relates to the defendant Brashear only, the other defendant not being before us ; and proceeding to give such a judgment as, in our opinion, ought to have been given in the court below, it is ordered, adjudged and decreed, that the plaintiff recover of the defendant Brashear, the sum of three hundred and seventeen dollars, and thirty-one cents, with costs in the court below ; those of the appeal be borne by the plaintiff and appellee.