SAMUEL RUDY *v.* JOHN D. HARDING and another.

*After the dissolution of a partnership no one of the partners can use the social name so as to bind the others. Any authority to do so must be derived from a new contract between the parties, and such a contract is essentially one of mandate. To draw or endorse any bill, or note, in the name of the former partnership, the authority must be express and special. C. C. art. 2966.*

*A partner in an ordinary partnership, may, during its existence, bind his co-partner, if it be shown that the transaction benefitted the partnership. C. C. art. 2845.*

APPEAL from the District Court of Carroll, *Curry*, J.

*Browder*, for the plaintiff.

*Willson*, for the appellant.

SIMON, J. This action is instituted to recover the balance due on a promissory note, executed at Louisville, in Kentucky, on the 2d of July, 1840, payable six months after date, and subscribed, "Harding & Owen." The note is drawn jointly and severally, for the sum of $1254 90, and is credited on the back by $660 88.

The defendants severed in their defence. Owen pleaded the general issue; and Harding, after denying that he ever was in partnership with his co-defendant, denied specially his signature to the note sued on, alleging that his name to the said note is a forgery, &c. His answer concludes by claiming in reconvention, the sum of one hundred dollars damages, for counsel fees in defending the suit, &c.

Judgment was rendered below in favor of the defendant Owen, against the plaintiff;* and in favor of the latter against Harding, for the sum of $594. From this judgment, Harding has appealed.

The evidence shows, that the instrument sued on purports to be an obligation signed by the partners of a particular partnership, the name whereof was signed by the defendant Owen; that this note is the last of a series of notes given in renewal of an original one, signed jointly by both partners, and given for the

---

* The judgment in favor of Owen was on the ground, that the defendants were liable jointly only, and that Owen had paid his proportion.

Rudy v. Harding and another.

price of a negro man, purchased by the defendants in Kentucky, for the sum of $800. It appears that the slave was bought for the use of a plantation, then owned in partnership by the defendants, and the note sued on is the last renewal of the original one, and was signed in the handwriting of Owen, *alone*, long after the dissolution of the partnership. The purchase of the slave was made on the 2d of October, 1835, and the dissolution of the partnership took place in November, 1836. In the mean time, several renewals of the original note had been made by Owen alone, in the name of the firm, to wit : one on the 2d of October, 1836, by a note of $869 20 ; another on the 2d of January, 1837, by a note for $956 12 ; and the last on the 2d of July, 1840, by the note sued on. The payment credited on the back of said note, was made by Owen.

The question submitted to our solution, is, in our opinion, a very simple one. It is, whether Owen had sufficient authority from his former partner, to renew the original note of the partnership after its dissolution, and to use Harding's name, or the name of the firm, so as to bind his co-defendant.

It is first to be remarked, that the original obligation, signed by the two partners, was a joint one ; that the note sued on is drawn *in solido ;* and is for a much larger amount than the one in renewal of which it is shown to have been given. The obligation under consideration cannot, therefore, be said to be the same, or of the same nature as the original one ; and in supposing that one partner could, after the dissolution of a particular partnership, settle or transact the unfinished business of the old firm, in the name of all the partners, it is clear, that he cannot bind them in any other manner, than in that in which they were originally bound ; unless he obtains from them a special authority to do so.

But our jurisprudence is well established that, after the dissolution of a partnership, no one of the partners is at liberty to use the social name so as to bind the others. 4 La. 32. 6 La. 683. 13 La. 197. 15 La. 496. 16 La. 69. 18 La. 333. In the case of *Peters & Millard* v. *Gardère*, 8 La. 568, this court said, that the authority must be derived, not from the former relations of the parties as partners, but from a new contract or agreement between them, and such contract is essentially that of mandate.

Here, it is true, it was shown that Harding requested his former partner, to make some arrangement of their unsettled partnership affairs in Kentucky ; but there is no proof that he gave to Owen any authority to renew the note, and to use the name of the firm ; and our law says in positive terms, that " to draw or endorse bills of exchange, or promissory notes," the power must be express and special.   Civil Code, art. 2966.

It has been urged, however, and this was the basis of the judgment appealed from, that the authority of a partner, in an ordinary partnership, is sufficient to bind his co-partner, if it is shown that the transaction benefitted the partnership, and we have been referred to the Civil Code, art. 2845, and 13 La. 197.   This is undoubtedly correct, if the engagement is contracted during the existence of the partnership ; and in this case, Harding would perhaps have been bound to pay the one-half of the price of the slave purchased in Kentucky, on the original note of $800, if the contract had been made by Owen alone, on showing that the partnership was benefitted by the transaction ; but this rule cannot extend to contracts made after the dissolution of the partnership. Neither partner has the right of binding the other, upon an engagement contracted after the partnership is at an end ; and to say, that Owen could validly contract the obligation sued on, in the name of the firm, after it had ceased to exist, and bind his former partner, *in solido*, with himself, and for a larger amount than that originally due, on showing that the first contract was for the benefit of the partnership, would be, in our opinion, a direct violation of the rule so often and repeatedly recognized. Again, it is necessary that the authority to do so, should be derived from a new contract between the partners, independent and distinct from the one formerly existing between them, under which the original transaction was made.   If Owen is bound to pay the whole amount of the note sued on, he may, perhaps, have his recourse against his former partner, to be by him indemnified for the payment of his portion of the partnership debt, as it was originally contracted ; but it is clear, the plaintiff has no right of action against Harding upon the renewed obligation, contracted by Owen without any special authority from his former partner.

We think the District Judge erred, in considering the note sued

on as a continuation of a partnership transaction ; and our judgment must be in favor of Harding.

It is, therefore, ordered that the judgment of the District Court be annulled, and that ours be in favor of the defendant Harding, against the plaintiff, with costs in both courts.