THE COMMERCIAL BANK OF NATCHEZ *v.* ROBERT PERRY.

After the dissolution of a firm none of the former partners can bind the others, nor the firm, without special authority derived from a new contract.

Where a bill is payable at a certain time after date, it is not absolutely necessary to have it accepted, an acceptance being only necessary to fix the period of payment, where a bill is payable at sight, or at so many days after sight or demand, or after a certain event. It will suffice that a demand be made of the drawees at maturity, and notice given to the drawer in case of their default.

Where a bill drawn on a commercial partnership, is accepted, after the dissolution of the firm, by one of the partners, payable at a particular bank, but he is not shown to have been authorized by his former partners to bind the firm, and demand of payment was made only at the bank, no demand having been made of the drawees, the drawer will be discharged.

A promise to pay the amount of a bill, made by the drawer, after discharge, in consequence of want of demand of payment of the drawees, will not be binding, unless it be shown that he was aware of his discharge at the time of the promise.

APPEAL from the District Court of East Feliciana, *Johnson,* J.

*Lyons,* for the plaintiffs. A promise by a drawer to pay, after a knowledge of his release, is binding. Chitty on Bills, 372, 373, 523, 536. 12 La. 465. 13 La. 368. 18 La. 333.

*A. M. Dunn* and *Roselius,* for the appellant.

MORPHY, J. The defendant is appellant from a judgment rendered against him, as the drawer of a bill of exchange for $7,315 71, dated the 11th of May, 1838, and made payable to his own order, twelve months after date. This bill, which was drawn on the commercial firm of Bullitt, Ship & Co., is alleged to have been presented by the holders to the drawees, and to have been duly accepted by the latter; and the petition, after making the ordinary averments of demand, protest and notice, further alleges that the defendant, being well acquainted with all the circumstances of such protest and notice, has often promised to pay the bill, but has failed to do so.

On the trial a draft was offered in evidence purporting to be accepted by Bullitt, Ship & Co. in liquidation, by Wm. Ferriday. To the introduction of this instrument the defendant's counsel objected, and he excepted to the opinion of the judge, who admitted it in evidence. The conclusion we have come to on the merits of the case, renders it unnecessary for us to notice

the grounds on which the draft was sought to be excluded. Admitting it to have been properly received in evidence, the petitioners have not alleged, nor proved that Wm. Ferriday had any authority from the other members of the firm of Bullitt, Ship & Co., to use the partnership name. The bill of exchange on which defendant is sought to be made responsible, was drawn on Bullitt, Ship & Co., a commercial firm, which he believed to be still in existence, and in whose hands the evidence shows that he had a sum nearly equal to the amount of the draft. It was accepted by Wm. Ferriday, after the dissolution of the partnership. Now it is well settled that after a dissolution of the firm, neither of the former partners can bind the others, nor the firm, without special authority, derived from a new contract between them. 4 La. 32. 6 La. 683. 8 La. 568. 18 La. 334. 3 Kent, p. 50. Gow on Partnership, p. 230. There has, therefore, been no acceptance of the bill, binding on the drawees. As the bill, however, was made payable twelve months after date, it was not strictly necessary to have it accepted, an acceptance being absolutely necessary only to fix the period when a bill is to be paid, if made payable at sight, or at so many days after sight, or after a certain event, or after demand. Story on Bills, § 228. A presentment of the bill to the drawees for acceptance might have been dispensed with, and had a demand been made of the drawees at its maturity, and notice of their default been given to the defendant, he would have been bound; but in the present case, the bill was presented and accepted by Wm. Ferriday, *payable at the Commercial Bank at Natchez.* At the maturity of the bill, no demand was made of the drawees, Bullitt, Ship & Co., but it was presented at the Commercial Bank at Natchez, and a demand was made of the teller of the bank, and upon his refusal to pay, the protest was made. Now if Ferriday was without authority to accept the bill, and make it payable at the bank, it is clear that a demand at that place cannot be considered as a demand upon the drawees, and that, therefore, there has been no such demand as was necessary to bind the drawer. The counsel for the plaintiffs insists, that if the demand is insufficient, yet the defendant is liable as he promised to pay the bill after its dishonor. The evidence shows

that such a promise was made,' and that the defendant submitted to the bank's agent divers propositions to effect a settlement; but so far from it appearing that he acted with a full knowledge that he had been released, it is shown that it was only a short time before the institution of this suit, and long after he had proposed a settlement to the bank, that he became aware of his release from all liability. Two of the plaintiffs' witnesses say, that they supposed he was acquainted with the circumstances connected with the dishonor, protest, and notice; but they do not intimate that he had any knowledge of Ferriday's want of authority to accept, and of the consequent informality of the demand. On the contrary, Turner, one of these witnesses, who acted as the plaintiffs' counsel, informs us that he told the defendant that every thing was regular, and that he was legally bound to pay the debt. This testimony repels the idea, that when the defendant proposed a settlement to the bank, he was aware of his release. It is hardly to be supposed, that with a full knowledge of his being exonerated, he would have renewed his obligation, when it is recollected that at the time of drawing this bill, he had a large sum of money in the hands of the drawees, who have since become bankrupts. 11 La. 16. 12 La. 467.

It is, therefore, ordered, that the judgment of the District Court be reversed; and that ours be for the defendant, as in case of non suit, with costs in both courts.