## JOHNSON *v.* MARSH et al.

The power of a partner to bind his co-partners, either by note or by his acknowledgments, or to use the social name, ceases with the dissolution of the partnership. Any subsequent power is derived, not from previous relations of the parties as partners, but from a new contract, which is one of mandate; and this mandate must be express and special. C. C. 2966.

Answers to interrogatories on facts and articles can only be used against the party interrogated, and not other parties to the action; the latter have a right to insist on a cross-examination of the witness by whose testimony they are to be bound.

APPEAL from the District Court of St. Martin, *Overton*, J.

*Magill*, for the appellant, contended that an authority conferred on one partner to liquidate a partnership, is an express and special power, within the meaning of art. 2966, authorising him to execute notes for balances due to the creditors of the partnership.

*I. E. Morse* and *Nicholls*, for the appellants. After dissolution, a partner cannot bind the firm without a special power. C. C. 2966. 18 La. 332. 5 Rob 172. 6 Rob. 70. 11 Rob. 95. Story on Partnership, 161, 460. Answers to interrogatories can only affect those immediately concerned in asking or answering them. 10 Toullier, no. 391.

The judgment of the court was pronounced by

KING, J. The defendants were partners in a plantation and distillery, which was dissolved in October, 1834, when *Marsh*, one of the partners, was charged with the liquidation of its affairs. In 1840, *Marsh* executed the note upon which this suit is founded, and subscribed it with the partnership name. For the amount of this note the plaintiff seeks to render the defendants liable *in solido*, as commercial partners. Two of them, *I. E.*, and *M. C. Morse*, resist payment, on the ground that the partnership was dissolved before the execution of the note. and that it was made by *Marsh* without authority to that effect from those defendants. A judgment was rendered by the judge below against *Marsh*, for the entire amount of the claim, and of non-suit as to the remaining parties. The plaintiff has appealed.

No authority to *Marsh* to execute the note in question is shown, other than the notice published announcing the dissolution of the partnership, and that

"*Jonas Marsh* was charged with the liquidation of the concern." It has been repeatedly held that the power of a partner to bind his co-partners, either by note or by his acknowledgments, or to use the social name, ceases with the dissolution of the partnership, and that such authority is derived, not from the previous relations of the parties as partners, but from a new contract, which is one of mandate. This mandate our law requires to be express and special. Civil Code, art. 2966. 8 La. 568. 5 Rob. 174. 6 Rob. 70.

Interrogatories were propounded by the plaintiff to *Marsh*, with the view of proving the consideration of the note. His answers were objected to by *I. E.*, and *M. C. Morse*, as far as they tended to charge those defendants, and were properly disregarded by the judge below. Answers to interrogatories on facts and articles can only be used against the party interrogated; other parties have a right to insist on a cross-examination of the witness, by whose testimony they are to be bound. In the present instance, however, we think that the answers of *Marsh* do not connect the note, with sufficient distinctness, with the affairs of the partnership to authorise a judgment against his co-defendants, even if they were admissible in evidence, and the form of the action permitted us to enter upon the enquiry. *Marsh* has not complained of the judgment.

*Judgment affirmed.*