## No. 352.

### Louisiana Mutual Insurance Company *v.* Walters & Elder.

Where Elder, one of the defendants, had been cited as a member of the commercial firm of Walters & Elder, in a suit on certain drafts, and it was alleged and proved, in defense, that said drafts had been given out of the usual course of the partnership business, without any authority, and not on account of the partnership, but where it was also proved that Elder had signed the drafts;

Held—That he can not deny *his* authority to make the drafts, and that he is personally responsible for the amount thereof.

The firm was sued, but evidence was received without objection which established his personal liability. He is bound by this proof.

The objection that there was no notice of dishonor is not valid. The drawer had no funds in the hands of the drawee, and long after the drafts were due, and with the knowledge that they had not been protested, he frequently acknowledged his liability thereon and promised to pay them.

There is no force in the position that Elder gave the drafts for a balance on the compromise of a debt due by the estate of one Pomroy. As the representative of the estate, he could not bind it by drawing drafts, but be bound himself.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Leridee, J. Egan, Williamson & Wise, Race, Foster & Merrick,* for plaintiffs and appellees. *Land & Taylor,* for Elder, defendant and appellant.

Ludeling, C. J. This is a suit on two drafts, dated thirtieth May, 1868, drawn by Walters & Elder to the order of the Louisiana Mutual Insurance Company, on William Cooper, who accepted them, and they were due on the first November and first December, 1868.

The defendants, after pleading a general denial, aver that, at the time the drafts were given, the succession of E. H. Pomroy was largely indebted to the plaintiff; that David J. Elder was executor of said suc-

cession, which was well known to the plaintiff; that said executor gave the drafts in settlement of said indebtedness, and the acceptor accepted the drafts as agent of said executor and at his request. They aver that D. J. Elder had no authority to sign the firm name to said drafts; that it was an act out of the usual course of the partnership business, and the plaintiff knew that said Elder acted in this transaction as executor of said succession, and in order to compromise a debt due by the succession. They aver that they never received any con·sideration whatever for the drafts,·and that the plaintiff knew they had no interest in the payment of the debts of the succession of Pomroy. After the testimony of the president of the Louisiana Mutual Insurance Company had been filed in the lower court, the plaintiff's counsel caused a citation to be issued addressed to D. J. Elder, individually. This was served and a default was taken in the case against D. J. Elder. Subsequently Elder appeared and moved to set aside or annul the citation addressed to him in his individual capacity, and the default taken thereon, on the ground that this suit was against the commercial firm of Walters & Elder, and that no judgment could be rendered against him personally, except as a member of the firm.

The judgment of the court a qua sustained the motion to set aside the citation to D. J. Elder individually and the default thereon; it rejected the plaintiff's demand against Walters & Elder, but it condemns D. J. Elder individually to pay the amounts claimed in the petition against the firm for using the firm name without authority. From this judgment D. J. Elder alone appealed. The firm of Walters & Elder, therefore, is not before this Court, except, perhaps, as one of the appellees—and, as between the appellees, no change can be made in the judgment.

The appellant complains that he has been condemned in a suit to which he is not a party. And we think his complaint is well founded. Without deciding whether the citation addressed to him individually, in a suit against the firm of which he was a partner, could have the effect of changing the character of the demand or not, it is sufficient to know that his exception to this mode of procedure was sustained by the judge a quo, and no appeal was taken from the judgment sustaining the exception and annulling the citation. He was not before the court in his individual capacity, and, therefore, no judgment could be rendered against him individually.

The object of pleading is notice, and the capacity in which one is sued should be clearly stated: "The party sued ought to be clearly instructed why he is sought to be condemned, and not left to infer it from doubtful and obscure allegations," or from matters *dehors* the petition. 1 N. S. 204; Brown & Co. *v.* Richardson, 17 An. 176; 19 An. 186.

36

We are referred by the counsel for the plaintiff to the case of Derbigny v. Mondelli et al., (15 La., 496), as settling the right of the plaintiff to recover judgment against Elder, individually, under the pleadings and evidence in this case. In the case referred to the only question was whether or not Mondelli was bound *in solido*, and the court held that by his answer Mondelli had admitted his liability for half the note, and had himself put "in issue the particular partnership out of which, he contends, this contract arose," and for that reason they held that he had shifted the onus of proof to himself to show that the partners had consented to the obligation, or that the contract enured to the benefit of the partnership. It must be borne in mind that Mondelli alone had been cited to answer the demand. In the case at bar, the firm of Walters & Elder alone have been cited. In the Mondelli case, where he alone was sued, the court gave judgment against him for the whole debt created by himself, in the name of an ordinary partnership. We fail to discover the analogy between the two cases. If D. J. Elder, individually, had been sued on the drafts, instead of the firm of Walters & Elder, then there would have been some analogy between the cases.

It is therefore ordered and adjudged that the judgment of the District Court be annulled, and that there be judgment rejecting the plaintiff's demand, with costs of both courts.

## On Rehearing.

Ludeling, C. J. In our former opinion we said that the appellant had been condemned without being before the court. This was an error. He had been cited as a member of the commercial firm of Walters & Elder. The defense to the drafts sued on was that they were given out of the usual course of the partnership business, without any authority, and not on account of the partnership. And this defense was proved; but it was also proved that the appellant, Elder, signed the drafts. He can not deny his authority to make the drafts. The judgment against him for the amount of the drafts was therefore correct. 2 Hill, 200, Hawks v. Munger; 13 Peters, 119.

The judgment may also be maintained on another principle. The firm was sued, but evidence was received, without objection, which established the liability of Elder personally. He is bound by this proof. 20 An. 241.

There is no force in the objection that there was no notice of dishonor, as it is proved that the drawer had no funds in the hands of the drawee, and that long after the drafts were due, and with the knowledge that they had not been protested, Elder frequently acknowledged his liability thereon and promised to pay them.

Neither is there any force in the position that he gave the drafts for a balance, on a compromise of a debt due by the estate of Pomroy. Elder, the representative of the estate of Pomroy, could not bind the estate by drawing drafts, but he bound himself.

It is therefore ordered that the decree of this court heretofore rendered in this cause be set aside, and that the judgment of the lower court be affirmed, with costs of appeal.