EASTERN DIS.
June, 1834.

NOTT & CO.
vs.
DOUMING
ET ALS.

Where there is no question of law raised, and the case is simply one of fact and the enquiry is, whether the evidence supports the judgment? which on a close examination does not show that the judgment is erroneous, it will be affirmed with costs.

---

NOTT & CO. vs. DOUMING ET ALS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

After the dissolution of a commercial firm, a partner cannot bind his co-partners by endorsement.

Public notice of the dissolution of a partnership is good as to strangers, but not in relation to customers or others previously dealing with the firm; they are entitled to particular notice.

EASTERN DIS.
June, 1834.

NOTT & CO.
vs.
DOUMING
ET ALS.

Where public notice was given of the dissolution of a partnership and the endorsement of the name of the firm appeared to be made afterwards on the note in suit which was purchased through the agency of a broker; *held* that the presumption of notice to the plaintiff is in favor of the defendant and that the former was bound to *show* that he came within the exception, by being a customer entitled to particular notice.

This suit was instituted by the endorsees and holders of a promissory note against P. Du Bertand, Emile Douming and Henri Legendre, composing the late firm of Du Bertrand, Douming & Co. The note sued on was drawn by one P. Amirati in favor of P. Du Bertrand for one thousand four hundred dollars, who endorsed it, and then endorsed the name of the commercial firm of Du Bertrand, Douming and Co. thereon, which note was sold by a broker to the plaintiffs. Emile Douming separated in his answer and pleaded a general denial. Judgment was taken against the other defendants by default.

It appears from the evidence that the partnership of Du Bertrand, Douming & Co. was formed on the 3d of February 1833, and dissolved the 3d of April following by public notice. The endorsement was made by Du Bertrand of the name of the firm during its continuance. The note which was made payable the last day of January 1834, at the domicil of the payee, (P. Du Bertrand) in New-Orleans, was protested for non-payment on the 3d day of February. The notary states in his certificate of notice to the endorsers, "that again on the 3d day of February 1834, he gave notice of the protest to the drawer, by putting it in the post-office, directed to him at Donaldsonville, (La.) and again on the 4th to Du Bertrand and Du Bertrand & Co. endorsers, which he delivered *respectively* to themselves, &c.

The question on which the parish judge decided the case was, whether the defendant Douming, who pleaded the general issue, had been duly notified of the protest. The court decided it in the negative.

The plaintiff appealed.

EASTERN DIS.
*June,* 1834.

NOTT & CO.
*vs.*
DOUMING
ET ALS.

*Strawbridge,* for the plaintiffs.

1. Urged that the notice was sufficient. The certificate of the notary that he had "given notice to *themselves*" necessarily implies that notice had been given to more than one of the members of the firm, consequently to all.

2. The presumption of law is in favor of the public officer having done his duty, and the words naturally imply it. 3 *La. Rep.* 476.

*J. Seghers,* for the defendant.

1. Contended that no legal notice of protest to the defendant as endorser had been shown.

2. That from the whole tenor of the notary's certificate it appears that the word *respectively* relates to the notices given to the two respective sets of endorsers on the note, viz: one to Du Bertrand and another to Du Bertrand, Douming & Co. and that by using the words to *themselves* the notary plainly meant that he gave notice to the first endorser, and that he likewise gave another notice to the second endorser, (Du Bertrand, Douming & Co. which firm no longer existed) but to whom or what member of the firm this second notice was delivered does not appear.

3. Throughout the whole of this transaction Papet acted as the agent of the plaintiffs who are the holders of the note, and who testified to the dissolution of the partnership.

[In the record sent up to the Supreme Court a mistake was made in copying the note in which it appeared to have been dated the 7th May 1833, instead of the 7th March.]

BULLARD, J., delivered the opinion of the court.

The decision of this case seems to have turned in the court of the first instance on the insufficiency of the notice of protest given to the defendant as a member of a commercial firm, by which the note was endorsed. But the pleadings

and evidence present other questions upon which we enter- <span style="float:right">EASTFRN DIS.<br>*June*, 1834.</span>
tain less doubt than on that of notice.

NOTT & CO.
*vs.*
DOUMING
ET ALS.

The firm of Du Bertrand, Douming & Co. was dissolved on the 3d of April 1833, and public notice given in the Bee and Courier on the following day. On the 7th of May following the note in question was drawn payable to Du Bertrand personally at his domicil, it was endorsed by him, first in his own name and then in the name of the late firm and subsequently came into the possession of the present plaintiffs. The defendant being sued as endorser in his character of a member of the firm, pleads the general issue.

After the dissolution of the firm, it is clear that Du Bertrand could not bind his late partners by endorsement. Public notice of such dissolution is good as to strangers who have not previously dealt with the firm, but not as to its former customers, who are entitled to particular notice, or at least that notice should be brought home to them. *Chitty on Bills,* 47. 4 *Johnson's Rep.* 224. 3 *Day's Rep.* 353. 6 *Johnson's Rep.* 144.

*After the dissolution of a commercial firm, a partner cannot bind his co-partners by endorsement.*

*Public notice of the dissolution of a partnership is good as to strangers, but not in relation to customers or others previously dealing with the firm; they are entitled to particular notice.*

It does not appear in evidence whether the plaintiffs had had any previous transactions with the firm, nor does it appear whether they had any knowledge of the published notice. They appear to have become possessed of the note through the agency of a broker, who testified that he had seen the notice of dissolution in the Gazettes but could not recollect at what time, nor could he remember when the note was endorsed.

We are of opinion that the presumption under these circumstances is in favor of the defendant, and that the plaintiffs were bound to show that they come within the exception by showing their previous dealings with the firm before its dissolution. The defendant would then be bound by the act of his partner, unless he showed particular notice to the plaintiffs.

*When public notice was given of the dissolution of a partnership and the endorsment of the name of the firm appeared to be made afterwards on the note in suit which was purchased through the agency of a broker: held that the presumption of notice to the plaintiff is in favor of the defendant and that the former was bound to show that he came within the exception, by being a customer entitled to particular notice.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.

EASTERN DIS.
*June*, 1834.

NOTT & CO.
*vs.*
DOUMING
ET ALS.

THE DECISION ON A REHEARING OF THIS CASE.

Before notice of the dissolution of a partnership to the holder of the partnership endorsement, notice of protest to a member of the firm is notice to all the partners.

The endorsement of a note which is negociated is equivalent to drawing a new bill; and when the endorsement is made in the name of a firm, until notification of its dissolution to the holder of the note, he has a right to regard the firm as still in existence as to the demand and notice of protest.

A rehearing was granted in this case on the ground of a mistake in the record as to the date of the note. A true copy was certified as follows: "Fin janvier prochain je payerai à Monr. P. Du Bertrand, ou ordre, a son domicile à la Nouvelle Orléans, quatorze cent piastres pour valeur reçue.

$1400 00                Donaldsonville, 7. Mars 1833"

3d Feb'y 1834." (endorsed) " Du Bertrand, Du Bertrand Douming & Co."

BULLARD. J., delivered the opinion of the court.

In this case a rehearing was granted, on the ground that this court had been misled as to the date of the note sued on by a mistake in the copy. It now appears that the note was endorsed during the existence of the firm of Du Bertrand, Douming & Co., it being dated on the 7th of March instead of May. The question therefore to be decided is whether the notice of protest was sufficient.

It is insisted by the defendants counsel, that after the dissolution of a commercial partnership, each partner is entitled to a separate notice of protest. We think that most of the reasoning and authorities employed in the first opinion delivered in this case, will still apply under this new aspect of it. Nott & Co. now appear as having had a transaction with the firm and there is no evidence of notice to them of its dis

solution. Can a dissolution not notified to them impair any of the obligations of the partners towards them, which arose during the existence of the partnership? we think not. If the notice would then have been good, it should be considered sufficient now, even supposing that notice was not given separately to each partner. The engagement on the part of the endorsers was, that if the note was not paid at maturity, they on proof of demand of the maker and due notice to them, would pay the amount of the note. The endorsement was in fact equivalent to the drawing of a new bill. Until notification of the dissolution, the ⸢plaintiff had a right to regard the firm as still in existence as to the demand and notice.

But the notary certifies that he gave notice to the endorsers *respectively* in writing. The expression used leaves it rather doubtful whether Douming had notice personally or whether the notice to the firm was handed to some other partner of the house. Under the circumstances of the case we do not consider it material.

The judgment heretofore rendered must be set aside. And it is further ordered, adjudged and decreed, that the judgment of the Parish Court be reversed, and that the plaintiffs recover of the defendant E. Douming, one thousand four hundred dollars with interest at five per cent from the 4th of January 1834, and costs of both courts.

EASTERN DIS. June, 1834.

