**OLIVIER vs. ANDRY.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The endorser of a note is not entitled to relief, on the ground of error or fraud, because the previous endorsement is a forgery committed by the drawer, unless he shows that such error was caused by the plaintiff, or that he participated in the fraud.

Whether the endorsement of a note was made for the accommodation of the drawer, or taken in the regular course of business, the holder can look to his immediate endorser, even if the endorsement preceding it is a forgery.

Every endorsement is essentially an original contract, equivalent to drawing a bill in favor of the holder, on the acceptor or obligor.

.This is an action on a promissory note, protested, for four thousand dollars, against the second and last endorser, drawn by A. Foucher, jr. to the order of F. Saulet, on which his name was endorsed, and which was subsequently endorsed by the defendant.

The defendant admitted his signature and endorsement ; but averred that the endorsement of Saulet was a forgery, known to the drawer thereof, for whose use and accommodation he endorsed the note ; and that his endorsement was fraudulently obtained by the drawer's counterfeiting Saulet's endorsement, and without consideration.

The evidence showed that the plaintiff refused to take the note sued on, until the defendant assured him his endorsement was genuine. He then took it in renewal of another note of

the same drawer. It was also shown the note was duly protested for non-payment, and notice thereof given to the defendant. The defendant proved the endorsement of Saulet to be a forgery, committed by the drawer of the note.

On these pleadings and evidence, the cause was submitted to a jury.

The district judge refused to charge the jury, "that the endorser on a note, by the mere fact of endorsement, guarantied the genuineness of the signatures of the preceding parties thereto, to the subsequent endorsees and holders." But the judge charged in substance, that if the jury believed the plaintiff, who is the holder, was a party to the contract, by which the note in question was drawn and endorsed by all the parties to it, the name of Saulet being forged, is a fraud, which entered into the original contract, against which Andry the last endorser may avail himself; but if the holder was no party to the original contract, but took the note in the course of business, or discounted it after it was made, without any previous agreement with the parties to it, the forgery of Saulet's name as the first endorser, is no defence to the defendant, who is the second and last endorser.

The jury returned a verdict for the plaintiff. The defendant moved for a new trial, on the ground that the verdict was contrary to law and evidence, which being overruled and judgment rendered confirming the verdict, the defendant appealed.

*Benjamin,* for the plaintiff.

1. The only question which this cause presents is, whether in an action against an endorser on a negotiable note, the fact that a prior endorsement is forged, forms a legal defence against a *bonâ fide* holder.

2. The plaintiff contends that the defendant, by endorsing the note sued on, guarantied and admitted the signature of every antecedent party, and is liable even though such signatures were forged. This principle is fully established by the

63

following authorities. *Bayley on Bills*, 312–13. *Chitty on Bills*, 397. 1 *Lord Raymond*, 443. 2 *Campbell, N. P. C.* 182. 10 *Wheaton*, 353.

3. But it was argued for the defendant in the court below, that this was an accommodation endorsement. This court has frequently decided that, in relation to third persons and *bonâ fide* holders, the obligations of accommodation endorsers were co-extensive with those of endorsers of business paper. See the cases of *Nolte* vs. *Their creditors*, 7 *Martin, N. S.* 12. *Weir* vs. *Cox*, 7 *Martin, N. S.* 369. *Dorsey* vs. *Their creditors*, 7 *Martin, N. S.* 499.

*De Armas*, for the defendant and appellant, insisted that the name of the first endorser being proved to be forged on the note, was sufficient cause to exonerate and discharge the defendant from his endorsement.

2. That the defendant endorsed the note in error, supposing the preceding endorsement to be genuine, which alone is suffi-cient to annul the engagement he thereby contracted. *La. Code*, 1875, 1876.

3. The engagement or contract of endorsement is void, by the nullity resulting from the fraud committed by one of the parties, to wit: the drawer of the note. *La. Code*, 1841–2.

*Bullard, J.*, delivered the opinion of the court.

This suit is brought by the holder against the endorsers of a promissory note, and the record furnishes evidence of the endorsement, of a demand and protest, with due notice of non-payment.

The defence relied on is, that a previous endorsement on the note was not genuine but a forgery committed by the drawer himself, and that the note was endorsed by the defendant through error, he believing the previous endorsement to be genuine. The counsel for the appellant, in support of this ground, refers us to articles, 1875 and 1876 of the Louisiana Code. We are of opinion, that he is not entitled to be relieved on the ground of error or fraud, without showing

The endorser of a note is not entitled to relief on the ground of error or fraud, because the previous endorsement is a forgery committed by the drawer, unless he shows that such error was caused by the plaintiff, or that he participated in the fraud.

that such error was caused by the plaintiff, or that he partici-
pated in the fraud. Such in substance was the charge of the
judge, on the trial in the first instance, and we think it
correct. The plaintiff took the note in renewal of another
by the same drawer, after making inquiry of the defendant, Whether the
whether his endorsement was genuine, who assured him that endorsement of a note was made
it was. Nothing was said about the previous endorsement of for the accommodation of the
Saulet. The plaintiff, therefore, took the note on the credit drawer, or taken in the regular
of the defendant's endorsement, and no privity is shown course of business, the holder
between the plaintiff and the drawer, in relation to the can look to his immediate en-
forgery. Whether the endorsement was for the accommoda- dorser, even if the endorsement
tion of the maker, or in the regular course of business, is, in preceding it is a forgery.
our opinion, immaterial. Every endorsement is essentially an Every endorse-
original contract, equivalent to the drawing of a new bill in ment is essen-
favor of the holder, on the acceptor or obligor. The obliga- tially an origi-
tion of the endorser is, that if the obligor or acceptor does not quivalent to
pay at maturity, he will pay, on due notice of the dishonor of drawing a bill in favor of the
the bill. The forgery of a previous endorsement, does not holder on the acceptor or
release him from that obligation towards a *bonâ fide* holder, obligor.
who took the note on the credit of his endorsement. The
doctrine on the subject appears well settled, and in our
opinion the verdict of the jury was legal and correct. *Chitty
on Bills*, 484.

It has been ruled in England, that the holder may declare
against his immediate endorser, as on a bill of exchange,
directed to the acceptor and payable to the plaintiff. *Ib.*, 461.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.