St. Ange Lachomette *v.* Pierre Frederic Thomas.

Art. 2818 of the Civil Code, which requires the contract by which a partnership *in commendam* has been created, to be recorded in the office of the Recorder of Mortgages, within six days from the time of its execution, is directory only. The omission to record the contract within that period, will not subject the partner *in commendam* absolutely to all the responsibilities of an ordinary partner towards third persons. So long as the contract is unregistered, he will be liable as an ordinary partner to the creditors of the partnership ; but it is otherwise as to those who may contract with the partnership after such registry, whenever made ; they being notified of the extent of his responsibility. Notice to third persons is the principal object of the registry. Art. 2819.

So, the neglect to record a judgment in the office of the Recorder of Mortgages, within ten days from the time it was rendered, as directed by the act of 26 March, 1813, does not prevent it from having the effect of a legal mortgage from the date of its registry, when made after the ten days have elapsed.

By the French law, a partner, *in commendam*, is viewed as a simple furnisher of funds, liable to the partnership, but not to third persons. The creditors have no direct action against him, in their own name, though they may compel him to pay whatever he may owe to the acting partners, by exercising the rights of the latter against him, under art. 1166 of the Code Napoleon.

After the dissolution of a partnership, none of the partners can use the social name so as to bind the rest ; nor can the latter be bound by any acknowledgment of a debt, or account, so made by the others.

Appeal from the Commercial Court of New Orleans, *Watts*, J.

Morphy, J. The defendant and appellant P. F. Thomas, is sought to be made liable for $2472 77, the balance of an account current between the plaintiff, and the late firm of Tissot & Pilloton, of which it is alleged that he was a dormant partner. The defence, besides the general issue, is, that P. F. Thomas was not a dormant partner, but a partner, *in commendam,* of the said firm, and that he is not liable to be sued in the manner and form set forth in the petition ; that the partnership has been dissolved, and that a settlement was made between its members on the 26th of September, 1840 ; that after its dissolution, Tissot & Pilloton were without any right or power to use the social name so as to bind the defendant ; that the account sued on is not due to the plaintiff ; and that defendant is not bound by any approval or ac-

Lachomette v. Thomas.

knowledgment of its correctness, which may have been made by the said Tissot & Pilloton.

The record shows, that a notarial act of partnership was passed between Tissot & Pilloton, and Thomas, on the 12th of December, 1838, in which it was agreed, that the latter should be a partner, *in commendam*, of the firm of Tissot & Pilloton, and should furnish a sum of $3000, which he paid, and that this act was recorded in the office of the Recorder of Mortgages ten days after its date. The appellee's counsel urges, that as the act of partnership was not recorded within six days from the date of its execution, pursuant to art. 2818 of the Civil Code, Thomas should be considered as an ordinary partner, and subject to the same responsibility as Tissot & Pilloton. That such would be the effect of an absolute want of registry clearly appears from art. 2816. The partner *in commendam*, failing to give any legal notice of the limit of his responsibility and of his participation in the profits of the concern, would be treated as a dormant partner, whose liability to third persons, when he becomes known, is co-extensive with that of the ordinary partners. The article requiring this registry within six days, is directory, and intended for the protection of the partner *in commendam*, as well as for the benefit of third persons. So long as the partner neglects to make such registry, those who become creditors of the firm have a right to treat him as an ordinary partner; but it is otherwise, we apprehend, with those who have contracted with the partnership after the recording of the act of partnership, for they were afforded the means of knowing the extent of his responsibility to them. Notice to third persons is the principal object of all laws providing for registry; and that such was the particular object of the recording required by art. 2818, appears from the succeeding article, which requires a separate book to be kept for the recording of acts of partnership, which shall be at all office hours open for the inspection of any person wishing to consult the same. Art. 2819. Thus we held, on the same principle, that the neglect to record a judgment within ten days after its rendition, under the recording act of March 26th, 1813, did not render it a nullity so as to prevent it from having the effect of a legal mortgage from the date of its registry, when recorded after the lapse of ten days. 7 La. 164. 1 Mart.

N. S. 384. As it is not pretended, that the plaintiff ever treated with the partnership before the registry made by Thomas of the act of partnership, the latter cannot be sued by him as an ordinary partner. But the appellee's counsel insists, that as it appears from the act of dissolution between the parties, that the appellant withdrew the fund he had placed in the partnership, he is in the situation of a partner *in commendam,* who has not paid in the capital he had agreed to furnish, and is, therefore, liable to be sued by the partnership creditors, to the extent of such capital.

In the jurisprudence from which we have borrowed this particular kind of partnership, the partner, *in commendam,* is viewed in the light of a simple furnisher of funds (*bailleur de fonds,*) liable to the partnership, but not to third persons. It is believed that the creditors have no direct action, in their own name, against him ; although they can compel him to pay whatever balance he owes to the acting partners, by exercising the rights of the latter against him, under article 1166 of the French Code. See Code de Commerce, art. 23, and Rogron's Commentaries on it. Pothier, De la Societé, No. 102. Pand. Française, v. 19, p. 146. Admitting it to be otherwise under the provisions of the Louisiana Code, we are of opinion that the plaintiff has not made out his case. The only evidence he has adduced of the correctness of his account, which was specially denied by the defendant, is an approval of it, signed by Tissot & Pilloton, on the 31st of December, 1840, several months after the dissolution of the partnership.

The implied authority by which one partner binds the others during the partnership, ceases at its dissolution ; and we take the rule to be now well settled, that after the dissolution of a partnership, no one of the partners is at liberty to use the social name so as to bind the others, nor are the latter bound by his acknowledgment of any debt or account. In *Hackley* v. *Patrick,* (3 Johnson's Rep. 536,) the court said : " After the dissolution of the partnership, the power of one party to bind the others wholly ceases. There can be no reason why his acknowledgment of an account should bind his co-partners, any more than his giving a promissory note in the name of the firm, or any other act ;" and it was, therefore, held, that the plaintiff must produce further evidence of the existence of an antecedent debt, before he could recover, even

though the acknowledgment was by a partner authorized to settle all the accounts of the firm. This doctrine has been fully recognized in this, and in other states. 9 Mart. 193. 5 Ib. N. S. 324. 6 La. 683. 4 La. 31. 1 Robinson, 78. 15 Johnson, 409, 424. 7 Cowen, 650. 9 Cowen, 420. 1 Peters' Rep. 355. In the present case, no power was given to any of the partners in particular, to liquidate the affairs of the firm; they divided among themselves the property remaining, and assumed each to pay a certain proportion of the acknowledged debts; that of the plaintiff is mentioned as an unsettled account, the balance of which might be in favor of, or against the firm. When, under such circumstances, the plaintiff claims a large balance, and seeks to recover it of the partner, *in commendam*, alone, the latter has surely the right to require strict proof, and is not to be concluded by the acknowledgment of his co-partners, made long after the dissolution of the partnership.

It is, therefore, ordered, that the judgment of the Commercial Court be avoided and reversed; that there be judgment of nonsuit against the plaintiff, and that he pay the costs in both courts.

*Canon*, for the plaintiff.

*Eyma*, for the appellant.