*Maskell* and *Lewis*, for the appellant.

*Dwight*, for the defendant.

---

NOEL BARTHELEMY LE BRETON, Curator of the vacant succession of Jean Gravier, deceased, *v.* ALEXANDER LEWIS.

Natural and well ascertained objects must control in the location of claims to land. Specified courses and distances must yield to them, if they cannot be reconciled.

APPEAL by the plaintiff from a judgment of the District Court of St. Mary, *Campbell, J.,* in favor of the defendant.

*Maskell* and *Voorhies*, for the appellant.

*T. H. Lewis* and *W. B. Lewis*, for the defendant.

GARLAND, J. The plaintiff, in his petition, claims a tract of land of 1200 superficial *arpens,* in the Parish of St. Mary, " on the *Bois de Cassine,* on the left ascending the road of Yoclé, bounded on both sides by the public domain," under an order of survey signed by Governor Miro, dated the 3d June, 1786. The claim was confirmed by the United States Commissioners on the 25th of June, 1812, and in the certificate, it is said to be situated, " on the Bois de Cassine on the left ascending the road of Yoclé ;" and in the notice which was presented, when the claim was asked to be confirmed, it is said that a plat of survey made a portion of the documents, but it has been withdrawn from the office, and is

not produced.   The counsel for the plaintiff, in presenting the evidence in support of the title of Gravier, did not think proper to lay before the court, with the order of survey of Governor Miro, the *requête* or petition of Jean Gravier; but the defendant has given it in evidence, and in it, J. Gravier prays the land be granted, " *situé au Bois de Cassine, sur la gauche en montant du Chemin d' Yoclé, laquelle dite face court sud ouest et nord est, borné des deux cotés par le domaine, &c.*   It is clear from this testimony, that the land confirmed to Gravier, is to be located at a particular place, and the direction of the front line is indicated. The parol evidence establishes clearly, where the Bois de Cassine is situated in the Parish of St. Mary.   It is proved to be a well known, and rather remarkable place, from the fact of the great number of the tree or bush called *Cassine*, which grows there.   It is further shown, that at, or near the entrance into this wood, near the road, is a live oak tree on which are the marks of a surveyor, and the letter G.   These marks are very ancient. Several witnesses speak of the tree, and say it was always known as the corner of the Gravier claim; and one of them testifies, that the tree was shown to him about the year 1828, by an old man, who said that he was present at a survey made of the claim more than twenty years previous, and that this tree was fixed as the beginning corner, by a surveyor.   This old man showed the witness the direction of the line.   He died six or seven years before this suit was commenced.

Notwithstanding the description in the *requête* and certificate of confirmation, of the place where the land should be located, a deputy surveyor of the United States, named William Johnson, made a survey of the land in the month of April, 1815, and from his plat on file it appears, that he located the claim at a place not known as the *Bois de Cassine*, although he has marked on his plat two such places.   The land, instead of being on the left of the Yoclé road, is on both sides of it; and the front line, instead of being from north east to south west, is almost north and south. Not a single witness is produced who says, that either of the two pieces of wood, marked on Johnson's plat as the " *Bois Cassine*," was ever known by that name; and some of them speak from a recollection and acquaintance with the localities for forty-five

or fifty years.  The *procès-verbal* of this surveyor, does not state that in making the survey, he acted under any authority from his principal.  He says : " I have re-surveyed, measured, and marked, (in part,) the boundaries of a tract of land claimed by Gravier, &c."  The plat shows, that the greater part of one line, the whole of another, and a part of a third, were never traced by the surveyor at all, as he says, the swamp was too full of water and boggy.  This plat is certified to have been " examined and approved," on the 15th of June, 1815, by Fitz, the principal deputy surveyor for the district.

Independent of the errors apparent in the above mentioned survey and plat, it is shown by another plat presented by the defendant, that the same surveyor had, on the 26th of June, 1814, " surveyed, measured, and marked in part," for the defendant, the piece of land in controversy, stating it as adjacent to, and back of his, defendant's land, fronting on the bayou Tecke, and as being claimed " as his preference right."

The counsel for the plaintiff contend, that as Gravier's claim has been located, and the survey confirmed by the principal deputy surveyor since the year 1815, he is entitled to hold the land.  The court below was of a different opinion, and we think there is no error in the judgment.  We are much disposed to respect ancient and well established locations, and will not, except upon strong grounds and clear testimony, disturb them ; but where errors so apparent and gross exist as in the present case, we are compelled to disregard them.  The location of Johnson is clearly erroneous, to say the very least of it.  Gravier has never had any actual possession of the land ; that is to say, neither he, nor any one for him, had ever been on it, since the location of Johnson, until about the time of commencing this suit, so that the attention of other proprietors was not directed to his claim.

It is a well settled and universal rule, that natural and well ascertained objects must control in the location of claims to land.  Specified courses and distances must yield to them, if they cannot be reconciled ; but where the object is easily found, and the course ascertainable, there is no excuse for departing from the calls of the title.  A surveyor, who surveyed the land under the order of the court, says, that he has seen the old marked tree in

the *Bois de Cassine ;* that by commencing at it, and running the front line as indicated in the *requete,* the claim can be correctly surveyed ; and that it cannot be done in any other manner.

That the plaintiffs have a title to land at the *Bois de Cassine,* is not disputed by the defendant ; but that is a considerable distance from the place in his possession, and there is no interference.

We think it unnecessary to go into an examination of the title set up by the defendant, as the plaintiffs have failed to show any to the land it covers.

<div align="right">

*Judgment affirmed.*