## CYPRIEN DUPRE *v.* EUGENE RICHARD.

After the dissolution of a partnership no one of the partners can bind the others by the use of the social name, nor by any acknowledgement of a debt or account.

Action against the endorser of a note, signed, after the dissolution of the firm, by one of the partners, without authority from the others, in the social name. It was proved that the note was executed at the request of the endorser; that he knew that the partnership was dissolved at the time; and that the note was given for the purpose of renewing one previously endorsed by him for the benefit of the partnership: *Held*, that the fact that the partner who made the note had no authority to bind the partnership, does not discharge the endorser, the partner who signed the social name having, at least, bound himself; that every endorsement, accommodation or otherwise, is essentially an original contract, equivalent to a new note or bill, in favor of the holder, on the acceptor or obligor; and that a *bona fide* holder or endorsee may exercise his recourse against his endorser, without regard to previous parties to the note or bill, unless privity is shown between the endorsee and drawer, as to some fraud or illegality which the endorser may set up as a defence.

APPEAL from the District Court of St. Landry, *Boyce*, J.

*Overton* and *Dupré*, for the plaintiff.

*Linton*, for the appellant. Where a note is so drawn as not to bind the makers, it will be liable to the same objection on the part of the endorser. 3 Mart. N. S. 637.

SIMON, J. This suit is brought against the endorser of a promissory note, duly protested at maturity, drawn and executed in the name of Desessarts, Martel & Co. His defence is, that the drawer of said note, or the person who signed it in the name of the firm, was not authorised to do so. That the note

was subscribed by Alexander Desessarts, who had, at the time, no authority to bind his co-partners, the partnership of Desessarts, Martel & Co., being, at that time, dissolved, and Balthazar Martel, one of the firm, the only person who had a right to terminate the business of the partnership.

Judgment was rendered below in favor of the plaintiff, and the defendant appealed.

It is not pretended that the defendant was not duly notified of the dishonor of the note, and the only question which this case presents is, whether the defendant, in a legal point of view, as well as under the circumstances of the case, can be allowed to set up as his defence that the note, which he endorsed, was drawn by one of the partners of a firm which was, at that time, dissolved, and who, having no authority to sign it, could not bind his co-partners under the social name?

The evidence shows that the note sued on, which was drawn for the sum of $1270 10, on the 11th of September, 1843, was given in renewal of another note due by the firm, and held by the plaintiff, and which was also endorsed by the defendant. The old note was for the sum of $1154 64, dated 11th of September, 1842, and made payable twelve months after its date. It fell due on the very day the new note was given, and one year's interest, at ten per cent, being added to the principal, the aggregate made exactly the amount of the note sued on. The defendant was present when the new note was made; it was signed by Desessarts, at his, defendant's, request, as a renewal; and the old note was given up to said defendant, after the new one had been handed over to the plaintiff.

It is a well settled doctrine that, after the dissolution of a partnership, no one of the partners is at liberty to use the social name so as to bind the others, and that the latter are not bound by his acknowledgement of any debt or account. 6 La. 683. 5 Rob. 172. 6 Ibid. 70. But the exception which may be considered as personal to the partners whose names have been used, may be waived by them, and, for aught we know, the partners of the firm, in whose names the note sued on was signed, may perhaps acknowledge their responsibility, on being apprized of the fact that it was given in renewal of one of the

partnership notes, or become ultimately bound to pay its amount, on proof that its consideration was a real debt of the firm, contracted during the existence of the partnership. Be this as it may, the partner who signed the note in the name of the firm, would be bound, personally, to pay its amount, if repudiated by the others, and the effect of such repudiation, if successful, would be, that the note should be considered as drawn by Desessarts alone, who, being personally liable for its payment, would, perhaps, have an action against his co-partners, for the reimbursement of the money by him so expended for the benefit of the partnership. This shows that the note sued on was drawn by a person able to contract, if not for others, at least for himself; and this circumstance, coupled with the facts, that the defendant knew the origin of the transaction, that he was aware of its being in renewal of a debt of the firm, and that the note sued on was executed at his request, necessarily gives to the transaction the same force and effect as if the defendant had intended to endorse, and had actually endorsed, a note drawn by Desessarts in his own name. When he requested that said note should be executed, he knew that the firm was dissolved; it was given to the endorsee in lieu of one already endorsed by the defendant, for the benefit of the firm; the old note was given up to the latter, and, it seems to us, that the plaintiff's claim, being a *bona fide* one, as between him and the endorser at least, cannot be resisted on account of any equity existing between the drawers and said endorser.

But is it true, that the note having been drawn by a person who had no authority to bind his co-obligors, this is sufficient to discharge the endorser. There is no better settled doctrine than, that every endorsement is essentially an original contract, equivalent to the drawing of a new bill in favor of the holder, on the acceptor or obligor; and, as this court said in the case of *Olivier* v. *Andry* (7 La. 496), whether the endorsement was for the accommodation of the maker, or in the regular course of business, is immaterial. Chitty on Bills, 266. Considered in this light, the recourse of the endorsee against the endorser is a direct one, to be exercised from the moment that the endorser is duly notified of the dishonor of the note; the latter stands then

---

as an original debtor as to the *bona fide* holder or endorsee, who is always at liberty to exercise his remedy against him, without any regard to the previous parties to the note or bill, unless privity is shown between the endorsee and the drawer, in relation to any fraud or illegality which the endorser may set up as a defence against his being bound to pay the obligation. Here no privity has been shown between the plaintiff and the drawer, Desessarts; on the contrary, if any privity exists, it is between Desessarts and the defendant, *at whose request the note was drawn,* and it is our firm opinion that the plaintiff is entitled to recover.

*Judgment affirmed.*