Monell, J.
I think there is no foundation for this motion on the ground of surprise. If the right to move, was not lost by the plaintiff’s laches, (nine months,) of which it is not necessary to express' an opinion, there is yet, no such surprise as would justify the court in setting aside the verdict. There are a few cases only, where surprise is deemed sufficient to grant a new trial, such as, the sudden departure of a witness from court, the unexpected adverse testimony of the party’s witness, and sometimes, any unexpected testimony; and generally any unexpected situation in which a party may be placed, without his default, and *113 which will be injurious to his interests. The surprise must be at the trial, and cannot afterwards be discovered and made a ground of motion; especially by a plaintiff, who can always submit to a nonsuit, if he cannot obtain permission to withdraw a juror. The ground of the motion "in this case is, that the plaintiff was unable to. furnish certain evidence on the trial, which he now deems material. Such ground presents none of the characteristics of a surprise.
In respect to the ground of newly discovered evidence, it must appear, that it has been discovered since the trial— that it could not have been obtained, with reasonable diligence, on the former trial and it must be material, and not cumulative.
At the trial, in order to prove that the plaintiff on or ■ about the 22d of September, 1860, had paid to Plin White $12,000, as a consideration for the defendant’s check, the plaintiff testified, that he received the greater portion of the money upon a check drawn by one E. Lockwood on the Bank of the Commonwealth, and that he so received it on or about the 22d of September, 1860, but could not be positive of the precise day. In rebuttal, the defendant proved by a clerk in the Commonwealth Bank, that no check of E. Lockwood was paid on the 22d of September, 1860.
The evidence, claimed upon this motion to be newly discovered, is the check of Lockwood, with the cancelling mark of the bank upon it. Such check is for $11,000, and is dated September, 19, 1860.
The plaintiff swears that after the check was returned by the bank to Lockwood, he, Lockwood, handed it to the plaintiff as a memorandum which he, the plaintiff, “ might wish to use.” He further states that since the trial, in looking over his papers and books, which he had not had occasion to examine for a long period of time, and conld *114 not have examined by reason of his absence in the United States service, he discovered the said check of Lockwood. That until such discovery, he was not aware where the same was ; nor could he, by the exercise of any reasonable or great diligence, have discovered the same, and that when discovered, it was found where no person by ordinary “ reasoning ” could,have expected to find it.
The check was in the plaintiff’s possession at the time of the trial, and it does not appear that any search for it had been made. It is not enough that the plaintiff now states, that it could not have been found by the exercise of any reasonable diligence. He has shown no such diligence, and his statement, that it could not have been found, goes for nothing, as it is the expression of a mere opinion.
The evidence maybe material but it is clearly cumulative.
The plaintiff had testified that he drew the greater part of the money, from the Commonwealth Bank, on the day of the date of the defendant’s check, (the 22d of September, 1860.) The production of the check, with the cancelling marks upon it, might strengthen the plaintiff’s testimony, but it would, nevertheless, be a mere cumulation of evidence. The date of the Lockwood check was the 19th of September, and of itself furnished no evidence, that the plaintiff drew the money upon it on the 22d; and, in the view of the justice who tried the cause, it was material for the plaintiff to show that he paid the money to White on the 22d, and not on the 19th.
Upon the whole I am satisfied that the evidence claimed to have been discovered since the trial, is not such as falls within the rule. It was in existence and known to the plaintiff, and although its precise place of deposit was forgotten or even unknown, the plaintiff cannot claim it as being of the nature of newly discovered evidence, without at least showing that diligent search was made for it before *115 the last trial, and that it could not be found. So far from showing any search whatever, it is, I think, quite apparent that the importance of the evidence did not suggest itself to the plaintiff, until after the trial, and hence no examination was made for it before.
For these reasons the motion for a new trial must be denied, with ten dollars costs.