Ilslet, J.
Two of the defendants, A. Trudeau and J. Trudeau, being *308 sued in solido, tlie first as payee and endorser, and the last as second endorser, set up separate defences.
The defence is the same to this extent—that each endorser is discharged from liability for the note sued on, for want of legal notice of protest, and because time was given to the maker without the consent of the endorsers.
The supplemental answer of J. Trudeau, further pleads his discharge from liability as endorser, because the plaintiff, the holder of the note, failed to give legal notice of protest to the previous endorser ; that the note is accommodation paper; and that his liability therein is that of a surety, and that he is also discharged, as by the wilful negligence and laches of the holder, he has lost his recourse against the first endorser.
•The Court below rendered judgment in favor of both defendants, because A. Trudeau had not been notified of the non-payment of the note according to law, and because the rights of J. Trudeau against A. Trudeau, the first endorser, bad not been preserved by the plaintiff unimpaired.
The plaintiff has appealed.
Another ground is urged in this Court for the discharge of James Trudeau. It is that the protest shows that the demand was made at the Louisiana Bank, while the note was payable at the Louisiana Stale Bank.
This is a clerical error, which explains itself, for the notary in his protest says that payment of the note was demanded by presentation of it to the proper officer at the Louisiana Bank in this city, where the same is made payable, and the note itself attached to the protest shows that the words Louisiana Bank evidently meant Louisiana State Bank.
The first endorser resided in the parish of Jefferson, and not in Baton Rouge, at which latter place only, notice of protest was sent to him. He was therefore discharged. But his discharge did not release the second endorser, who, on-the same day of the protest, was served personally with a legal notice thereof. If he wished to secure his recourse against the previous endorser, he should have given him notice. The holder was only bound to notify the endorser whom he intended to hold liable. Hennen’s Dig. vol. 6, p. 197, sec. 2. In relation to third persons and bona fide holders, the obligatians of accommodation endorsers, are coextensive with those of endorsers of business paper. 7 N. S., 12, 3G9 ; 7 N. S., 499. It would be different if the transíerree of a note endorsed, gets it from the maker. In such a case the endorser would be a surety.
The plaintiff in this suit is not shown to have discounted the note for the benefit of the maker. The only privity in this case shown, is between the last endorser and the plaintiff, and every endorsement, accommodation or otherwise, is essentially an original contract, equivalent to a new note or bill in favor of the holder : Dupré v. Richards, 11 Rob. 497; Jas. Trabue & Co. v. R. H. Short & Co., 18 An. 258 ; Story on Bills, sections 331, 334, Notes, § 155.
It is therefore ordered, adjudged and decreed, that so far as the judgment of the District Court is in favor of J. Trudeau and against the plaintiff, that it be annulled, avoided and reversed ; and, it is further ordered, adjudged and decreed, that judgment be and it is hereby rendered in favor of the plaintiff, ’William R. Crane, dative testamentary ex *309 ecutor of the succession of James Ogilvie and against James Trudeau, one of the defendants, for the sum of sixteen hundred and thirty-one dollars and sixty cents, with interest at the rate of eight per cent, per annum, from the 4th February, 1862, till paid, five dollars sixty-five cents costs of protest, and costs of suit in both courts ; and that the judgment of the said District Court in favor of A. Trudeau and against the said plaintiff, Wm. E. Crane in his said capacity, be and the same is hereby affirmed ; the costs of appeal in the suit against A. Trudeau to be paid by the plaintiff and appellant.