Iesley, J.
The defendants, O. F. Hayes, Barry Hayes and O. D. Hayes, are sued by the plaintiff to recover from them, as commercial partners, *326 owning the steamboat Starlight, engaged in the carrying trade, the sum of sixteen hundred and thirty-one dollars, with interest, for boat stores and necessary supplies, furnished the said boat, between the 25th February, 1862, and the 12th February, 1863.
The defendants separated in their answers; each pleaded the general issue, and the prescription of one and three years.
Afterwards, each of them filed an amended answer. Barry Hayes claimed to have been always the sole owner of the boat, and O. F. and O. D. Hayes denied ever having had any interest in her.
Judgment was rendered in the lower Court in favor of the plaintiff and against all the defendants, in solido, for the amount claimed, interest and costs.
The testimony in the record establishes that, during the whole period which the amount embraces, the defendants were the joint owners of the Starlight. There was no special contract of partnership, but the nature of the business done during that period by the boat on account of the said owners, constituted them quoad hoc, commercial partners, and they became liable in solido for the current debts of the boat.
The property, or ownership of the boat, was not brought into the partnership; it was the mere nse of it. See Owens v. Davis, 15 An. 23. 2 Rob. 229. 6 An. 293. 14 An. 437. And when the use of the boat ceased to be available for any purpose, as it did by the seizure and detention of it by the United States military authorities, the partnership terminated, and the individual members merely retained their title to and interest in the boat, as joint owners.
After the termination of the partnership, no admission or acknowledgment by a partner of the correctness of the plaintiff’s account could be deemed legal evidence against the others. 5 Rob. 172. 6 R. 127, 256. 11 Rob. 458. 12 Rob. 252. 2 An. 272.
The acknowledgment, in writing, made by O. F. Hayes, that the plaintiff’s acco unt was correct, is conclusive against him, and thence no prescription but that mentioned in the C. C. 3508, applied to it.
As against C. D. Hayes and Barry Hayes, the claim is not established by legal evidence.
Neither the plaintiff’s books nor the testimony of the clerk, whose information was derived exclusively from the books, and from no other source objected to, was valid testimony. This doctrine is well settled in our jurisprudence. Byrne v. Grayson, 15 An. 457. 2 N. S. 509. 4 N. S. 383. 12 Rob. 407. 12 An. 770.
This evidence, and the admission of C. F. Hayes being excluded as against O. D. and Barry Hayes, there is not sufficient evidence to charge either of them.
Barry Hayes did, according to the testimony of one witness, admit the account to be correct; but the claim exceeding five hundred dollars, and there being no corroborative testimony, it fails to make the demand against him certain. Art. 2257, Dartes v. Decuir, 5 Rob. 480. Succession of Segond, 7 Rob. 111. McRae v. Marshall, 1 An. 29.
It is therefore ordered, adjudged and decreed, that as far as the judgment of the District Court is against C. D. Hayes and Barry Hayes, and in favor of the plaintiff, it be annulled, avoided and reversed. It is fur- *327 tiler ordered that the judgment be and it is hereby rendered in favor of these two defendants, and against the plaintiff, with costs in both courts. It is further ordered, that so far as the said judgment of the District Courtis in favor of the plaintiff and against the defendant, O. F. Hayes, that it be affirmed, the costs of appeal to be paid by that defendant.