## No. 7536.

ULMAN & CO. vs. BRIGGS, PAYNE & CO. AND JAMES M. LEWIS.

### ON MOTION TO DISMISS.

When the Appellant prays for citation in his petition of appeal, the failure of the Clerk to issue it, or of the Sheriff to serve it, shall not be attributed to the fault of the Appellant without proof of some sort of omission on his part, which prevented the performance of their respective duties by these officers.

The law which limits the right of appeal to one year after the date of judgment, does not require the Appellee to be cited within the year. The Appeal must be demanded and the Bond be given and filed before, but the Appellee may be cited after, the expiration of the year.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

---

Bayne & Renshaw and John A. Campbell for Defendant, Appellee :

The judgment was signed on May 25th, 1878, and the Citations of appeal are dated respectively the 28th October and 15th December, 1879. Appellants could have had the Citation issued, and the Appellee served within the year. The want of Citation is distinctly imputable to them. 21 An. 618 ; 8 La. 220 ; 8 Martin, N. S. 673 ; 23 An. 207 ; 21 An. 271.

Ogden & Buckner and A. Goldthwaite for Plaintiffs and Appellants :
The Petition of Appeal and bond were filed within the year. It is sufficient. The Citation may be served afterward. 30 An. 181 ; 10 La. 149.
The Citation was served within the delay granted by this Court, which constitutes an extension of the days of grace. 28 An. 905 ; 28 An. 790.
It is sufficient for Appellants to pray for Citation on Appellee. Error, or neglect in the service of it, cannot be attributed to Appellants Seghers vs. Soulé et al. Opinion Book 45, fo. 15 ; 22 An. 112.

---

The opinion of the Court on the motion to dismiss was delivered by MARR, J. Final judgment in this case was signed on the 25th May, 1878. On the 13th May, 1879, plaintiffs filed a petition for a devolutive appeal, which was granted, returnable on the third Monday, the 19th of May. The transcript was actually filed on the 20th May.

In their petition of appeal plaintiffs prayed for the citation of defendants, and gave their names in full. It appeared of record in the original petition, that all the defendants were residents of New Orleans, and they were all cited personally to answer the demand. All the appellees were cited to answer this appeal, except James M. Lewis ; and on the 20th May appellants obtained an order of this court, continuing the cause to the 15th December, on the ground that Lewis had not been cited because of his absence from the State.

We find filed with the transcript two citations of appeal addressed to Lewis, and served on him personally, one issued on the 28th October, served 8th November, the other bearing date 15th December, which according to the return was received by the sheriff on the 15th November and served on the 18th November, 1879. The first of these recites that the appeal is returnable on the third Monday of May, 1879, and the other that it is returnable on the 15th December, 1879.

Lewis moved to dismiss the appeal as to him, for want of proper citation ; and because more than a year had elapsed after the signing of the judgment, before the service was made. He alleges that these defects are attributable to the fault of appellants.

1. We have followed the decisions of our predecessors, that where

the appellant prays for citation in his petition of appeal, the failure of the clerk to issue it, or of the sheriff to serve it, will not be attributed to the fault of appellant, without proof of some act or omission on his part which prevented the performance of their respective duties by these officers. In such cases the appeal will not be dismissed; and time will be granted to have the appellee cited. See Borde vs. Erskine, 29 An. 822; Hearing vs. M. C. Ins. Co. 29 An. 832.

2. In Boutté vs. Boutté, 30 An. 181, on the authority of Borremire's case, 10 La. 150, and upon our interpretation of article 593, of the Code of Practice, we decided that the law which limits the right of appeal to one year after the date of the judgment does not require the appellee to be cited within the year. The appeal must be demanded, and the bond must be given and filed before, but the appellee may be cited after the expiration of the year.

The motion to dismiss is, therefore, denied at the costs of the mover.

---

## On the Merits.

An authentic act of partnership being passed between several persons, in which it is expressly stated that one of them enters the partnership and is accepted as a partner *in commendam;* that he advances a fixed sum of money, receipt of which is acknowledged; that he is exonerated from participation in the expenses and losses of the concern, and, in lieu of a proportion of contingent profits, is to receive monthly a fixed per centage on the gross sales made by the firm;

And such an act being recorded at the Mortgage Office, in a book known and marked as the. "Society and Partnership Book:"

HELD that it is a sufficient compliance with the law relative to the partnership *in commendam,* to protect such a partner from the obligations of a general partner.

A partner *in commendam,* consulting once with one of the general partners, and advising third persons that the firm is "all right," cannot be considered as having taken an active part in the affairs of the firm and be held responsible for its debts.

---

Ogden & Buckner, A. Goldthwaite for Plaintiffs, Appellants:

The Defendant, James M. Lewis, cannot legally pretend to have been only a partner *in commendam,* because:

First—The very day the partnership was formed and he paid in the $20,000, which constituted his share of the capital, he took back $8196 out of it, as a debt previously due him, by the firm.

Second—The act of partnership stipulated that he should receive monthly *in lieu of profits* one half per cent of the gross sales of the firm.

Third—The act was not recorded, as the law requires, in the Mortgage Office in a separate book, but in one kept for recording acts of incorporations, copartnerships, religious and charitable associations.

Fourth—He took an active part in the affairs of the firm.

C. C. art. 2845, 2846, 2839, 2841, 2843; 1 An. 121; 1 An. 138; 5 All. Mass.
91; 4 Rob. 300; 1st Story's Rep. 373; 5 Rob. 172; 7 An. 471; 14 S.
and R. 434; 3 Conn. 534; 10 Barr. 47; 5 Hill (N. Y.) 39; 6 Hill (N.
Y.) 479; S. C. 3 Denio, 435: Cooley, Part. §§ 100–104, and others.

John A. Campbell and Bayne & Renshaw for Defendant, Appellee :

Defendant Lewis, after the formation of his partnership in commendam,
could only become liable as a general partner by two acts of indis-
cretion or negligence :

First—A failure to record the articles of partnership in the manner pre-
scribed by the Code, is one of these.   C. C. 2846–7–8.

Second—When the partner in commendam holds himself out as a part-
ner, by actively conducting the business, or introduces his name in
the partnership style, or by declarations of his connection as a,
general partner.   C. C. 2849; 21 An. 361.

The penalty is limited to these, and is not to be extended.   9 An. 251;
10 An. 346; 13 An. 376.

The articles of partnership were properly recorded in the Society or
Partnership Book.   4 An. 303; 5 Rob. 172; 1 An. 120, 138; 3 An.
251; 6 An. 242; 13 An. 376, 582.

The partnership stipulated by Lewis had all the elements of one in com-
mendam.

1 Delangle, Des Sociétés Commerciales, No. 275; Pardessus, Droit Com-
mercial, ch. 2, de la Société et Commandite, p. 104 et seq. art. 221; 40
Dalloz, Jurisp. Gén. p. 603 and notes; 2 Massé, La Science des
Notaires, 482; 5 Rob. 172; Lindley on Partnership, 15–57; 3 Mees.
& W. 357; 30 An. 636; 14 An. 529; 27 An. 103; 27 An. 454; 29 An.
176; 28 An. 93, 230; 14 Pickering, 192; 20 Wendell, 70; 7 Rob. 475;
Parsons on Partnerships, ed. of 1878, p. 574.

The evidence shows that Lewis took no part in the affairs of the firm.

---

The opinion of the Court on the merits was delivered by

BERMUDEZ, C. J.   This is an action in which the plaintiffs seek to
saddle the liabilities of a general partner on one who claims to be no
more than a partner in commendam.

The contest is really between the plaintiffs and James M. Lewis only,
for as regards the other defendants, they were adjudicated bankrupts,
and afterward settled with their creditors by composition.

It is charged that Lewis is responsible :

First.   Because the act evidencing the partnership, far from show-
ing him to be such partner in commendam, makes him a general
partner.

Second. Because, even if the act does not make him such general partner, it was not recorded as the law requires.

Third. Because, even if the act was recorded, he has forfeited the protection of that act.

1. The act is in the authentic form. It expressly says that Lewis enters the partnership and is accepted as a partner *in commendam;* that he advances twenty thousand dollars, receipt of which is acknowledged; that he is exonerated from participation in the expenses and losses of the concern, and in lieu of a proportion of contingent profits, is to receive monthly a fixed per centage on the gross sales made in the business in which the firm is engaged.

Our law on the subject of partnership *in commendam* is derived mainly from French law; but it differs from it in significant particulars, which it is unnecessary to enumerate in this case. Under both systems, however, the law and the jurisprudence even, the partner *in commendam,* is a " bailleur de fonds," a money lender, who instead of permitting himself to be swayed by an illusion of cupidity, by embarking blindly in some hazardous enterprise or imprudent speculation, wisely determines not to imperil himself and his property beyond well-defined limits.

Judge Story, 49, on Partnership, says :

" The true rule *ex æquo et bono* would seem to be that the agreement and intention of the parties themselves should govern all the cases. If they intended a partnership in the capital stock or in the profits, or in both, then the same rule should apply in favor of third persons, even if the agreement were unknown to them. And on the other hand, if no such partnership were intended between the parties, then that there should be none as to third persons, unless where the parties have held themselves out as partners to the public, or their conduct operated as a fraud or deceit upon third persons."

No one can imagine, on reading the act in question, that it ever entered the mind of any of the contracting parties that Lewis was to become a general partner of the firm in which he was entering. It is manifest, on the contrary, that his intentions were to the very reverse. The act expressly declares that he enters the concern as a partner *in commendam;* that he shall participate neither in the profits nor in the losses; that he advances twenty thousand dollars; and that in lieu of profits, as an indemnity for his contribution, he shall receive a per centage on gross sales.

It was not necessary in order to entitle Lewis to the protection accorded by law to partners *in commendam* that the act should have been explicit on that subject. It would have been sufficient if a limitation of his loss had been expressed; but the act was minutely particular in that

respect. Delangle, Sociétés Com. No. 275 ; Pardessus, Droit. Com. ch. 2, p. 104, art. 221 ; Jurisprudence Générale, v. 40, vo. Société, No. 1094.

The rule is, however, laid down in those authorities, that the party shall be liable as a general partner, if the act contain clauses which essentially derogate from this form of partnership, and give it a different character, such as a reservation of right to co-operate in active, direct, and personal administration of the business and affairs of the same ; that the articles shall not be registered ; that the relations of the parties shall remain secret ; that the party shall be liable for the debts of the concern beyond his contribution.

We do not find such to be the case in the present instance.

The law of Louisiana is to the effect that the act must specify the amount which the partner in commendam has paid or binds himself to pay, and the advantages which are to accrue from the enterprise, R. C. C. 2839 ; for it is highly proper that third parties, particularly those dealing with the firm, should be well informed as to those important particulars ; but it is not necessary that the benefit which the partner expects to derive from the business should be exclusively in the shape of a proportion of the profits. A party may be unwilling to advance money on such contingencies, and it may be to the great benefit of the firm that money be advanced by a partner in commendam on terms different from those on which it could be borrowed, but deemed most advantageous by those most interested. It is sufficient if the nature and extent of the indemnity are defined with substantial precision.

Neither was it required that the partner should participate in the losses. Those are matters which can be settled by the partners among themselves, which concern no one directly, but of which it is highly proper that the public should have due notice.

The loss of a partner in commendam is limited to the amount by him furnished, and extends no further. He is liable to that extent and "no more." R. C. C. 2839 ; 5 R. 172 ; Lindley on Partnership, 17-57 ; Born vs. Pillow, 3 Mees & W. 357 ; 2 Massé, Science du Notariat, 482.

The partnership in commendam is somewhat derogatory of, but not at all incompatible with, commercial partnerships, of which it is a mere modification. R. C. C. 2840. There is no reason why, being formally recognized and sanctioned by law, it should not be protected and encouraged, particularly as it calculated to enhance commercial pursuits. Almost every State of the Union has some particular legislation regulating limited partnerships, and the tendency seems to be to liberalize the rules relative to such, as an inducement to bring increased capital into commerce.

It is only to be regretted, however, that the legislative restraint in this State, which forbids the partner in commendam from taking an

active part in the affairs of the concern under certain onerous penalties, has not been somewhat relaxed, for persons who would have engaged their capital in an enterprise in the management of which they would have had a voice, have studiously avoided doing so, in apprehension of eventual responsibilities. It would seem that third persons would be amply protected by the registry of such articles in the public records of the country.

Where a party intends to become a partner *in commendam*, all that the law requires him to do, to secure to himself the protection which it allows to persons in that condition, is that there be an act drawn up, showing his intention to become a partner of a stated limited responsibility, the nature and extent of his actual or eventual contribution or liability, the advantages which the concern is to allow him as an indemnity for his advances, that the act be recorded in a particular mode, and that he should abstain from an active participation in the affairs of the partnership, and from using or permitting his name to be used in any manner which would authorize third parties to believe him a partner on an equal footing with the ostensible partners.

When those requirements are not fulfilled, he may incur the liabilities of a general partner, with this restriction, however, that the responsibility only attaches in the cases specially mentioned by law, which occur: when the act is not expressive of a specified limited liability, but provides for a general liability; when the act has not been recorded at all, or in such an improper manner that third parties were not bound to know of its registry, as for instance if spread in the wrong book; when the partner has done or permitted some act to be done, from which it could be inferred that he was a general partner.

C. C. 2846, 7, 8, 9; 21 A. 361.

The penalty is limited to those cases, and is not to be extended by implication.

9 A. 251; 10 A. 346; 13 A. 376.

A scrutinizing examination of the articles of partnership in this case, satisfies us that far from departing from, the parties have strictly complied with all the substantial requirements of the law, so far as the *form* of the act itself is concerned.

2. The articles of partnership, as found in the record, are certified by the proper officer to have been duly recorded on the 18th of December, 1875. The testimony of this officer shows that the book in which it was transcribed is the "Society and Partnership Book," so known and marked. The notary, by whom the act was drawn up, says that he carried it to the mortgage office, and that it was there recorded.

The law requires that such an act be recorded by the officer authorized to record mortgages in the place where the principal business of

43

the partnership is carried on, R. C. C. 2846,. and directs that officer to keep a separate book for the purpose of recording acts of partnership, which shall at all hours be open for the inspection of any person who may choose to consult the same. R. C. C. 2848.

It is *prima facie* proved that the act was properly recorded. It was incumbent on the plaintiffs to prove that it was not so, if such was the case ; but they have not done so. It is the spirit of the law every where, that men, who have acted in good faith, and have spread their unequivocal agreements upon the public records, where all may see them, be protected. We must maintain the registry as valid.

3. Keeping in view art. ·C. C. 2849, we have carefully considered the evidence adduced to show that Lewis has taken an active part in the management of the affairs of the partnership, and so held himself out to the world as a common partner, but have failed to be impressed in that sense. All that we find charged against him is, that on his return from the North, on one occasion he consulted with one of the general partners and telegraphed to parties in New York, who desired information, to the effect that the firm Briggs, Payne & Co. were all right.

Surely this is not the kind of participation or interference which the law considers shall make a partner *in commendam* liable as a general partner. He did that which any stranger could have done without implicating himself. It cannot be pretended that if any outsider had done this, it could be inferred and believed from such an act, on his part, that he was on that account a partner in the concern. We do not find that Lewis has held himself out to the world as a partner, and rather think that he has done every thing that he should have done to be shielded by the law on the subject.

*Last.* It is claimed that he has unduly received from the firm two amounts, aggregating $8196 ; one of $4000, balance due him by the firm of Briggs, Payne & Co., which was dissolved on the 13th of March, 1875, and $4196, as the premium for the use of a sum of $20,000 which he had lent that firm, and on which the balance just stated had remained owing to him at the dissolution of the firm. It is charged that the amount was paid Lewis out of the $20,000, which, as a partner *in commendam*, he had contributed.

All this, no doubt, was the case. From the acts and dealings of the parties, it must be inferred that the remaining members had assumed the entire liability of the dissolved firm to Lewis. They had a right to exonerate the retiring members from that liability, and it may be that it was after an understanding to that effect that matters were adjusted and settled, the way they were, among themselves. We cannot consider the payment made to Lewis, of sums due him by the previous firm and for which the new firm acknowledged themselves liable, in the light of

a payment of dividend unfairly paid, and which, under the provision of article 2843, can be ordered to be refunded.

This view of the case dispenses us from determining whether the plaintiff could claim the refunding, under the authorities quoted, which would justify a direct demand in their own name. 1 A. 121, 138. Desbarride, Sociétés, v. 1, p. 344.

The District Judge who decided this case wisely endorsed as his the reasons assigned by his brother, the Judge of the Fifth District Court for the parish of Orleans, in a suit like the present one, in which parties asserted pretensions alike to those of plaintiffs in this proceeding against the same defendants.

The opinion so adopted was prepared with great care, and reflects much credit on the judge who drew it up. A construction of the law regulating partnerships *in commendam*, different from that which it has received in this case, would be a just cause of alarm to the commercial community.

It is ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.